# RAAB, STURM & GANCHROW, LLP

COUNSELORS AT LAW
2125 CENTER AVENUE, SUITE 100
FORT LEE, NEW JERSEY 07024
Tel: (201)292-0150
FAX: (201)292-0152

RONALD RAAB*
IRA A. STURM***
ARI D. GANCHROW*

_____

  * ADMITTED IN NY AND NJ
 ** ADMITTED IN NY AND CT
*** ADMITTED IN NY AND FLA
****ADMITTED IN NY, NJ AND MD

MAURA E. BREEN**
SAMUEL R. BLOOM****

January 30, 2026

**<u>Via ECF</u>**
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
United States District Court
500 Pearl Street, Room 1010
New York, New York 10007

      Re:    Manny Pastreich, As Trustee, and the Trustees of the
               Building Service 32BJ Health Fund, et. al., Petitioners,
               -v.- Sentry Security Internation Inc., Respondent
               <u>Case No. 1:25-Civ. -3233 (JHR)</u>

Dear Judge Rearden:

      This firm represents Manny Pastreich, as Trustee, and the Trustees of the Building Service 32BJ Health Fund and the Building Service 32BJ Supplemental Retirement and Savings Fund, (the "Petitioners"), in the above captioned case. The Respondent is Sentry Security International Inc. (the "Respondent"). The Respondent never appeared in this action and never filed any papers in opposition to Petitioners' papers. The President of the Respondent is Mr. George Banks.

      This letter is submitted in accordance with the Order to Show Cause signed by Your Honor on January 20, 2026, (Doc. #19). The court asked Petitioners to explain why the summons and Verified Petition, were not personally served on the Respondent, as required by Rule 4 (m) of the Federal Rules of Civil Procedure.

      Petitioners filed the Verified Petition to Confirm the Award and the Notice of Verified Petition to Confirm with the court April 17, 2025. On April 21, 2025, Your Honor signed an order directing Petitioners to treat the confirmation of the Award, as a motion for summary

judgment (Doc.#6). I never requested a summons from the clerk before I filed the Verified Petition, since I believed it was not required for the petition. I thought a summons was only required when filing a complaint.

I planned to serve the Verified Petition to Confirm the Award, the Notice of Verified Petition and all the Motion for Summary Judgment papers personally on the Respondent, all together at one time.

On April 21, 2025 I emailed to Mr. Banks copies of the following documents: the Verified Petition to Confirm the Award (Doc.#1) with exhibits "A" to "F"; Doc.#6 (court order dated 4-21-25); the Notice of Verified Petition to Confirm (Doc #2); the Memo of Law in support of the petition to confirm (Doc.#5); Petitioners application for an extension of time to file additional papers in support of the motion ( Doc.#7); and (Doc.#8 ) court order granting additional time for Petitioners to file documents in support of motion for summary judgment. I mailed all of these documents with a cover letter, to the Respondent's office address on May 8, 2025 via Federal Express.

I e-filed the Motion for Summary judgment papers with the court on May 13,2025. That same day, I emailed copies of the Motion for Summary Judgment papers to Mr. Banks. The documents emailed to Mr. Banks included the following: Doc#8, court order extending timeline when Petitioners must file documents in support of the motion for summary judgment; the Affidavit of Tom Ormsby, with exhibits "A" to "F" (Doc#10); the amended motion for summary judgment (Doc.#11), the Memo of Law in support of the Motion for Summary judgment (Doc.# 12); the affidavit of Tom Ormsby in support of the motion with exhibits (Doc.#13); and the affidavit of Maura Breen in support of the motion (Doc. #14); and the Rule 56.1 statement (Doc. #15). These documents were sent to the Respondent by Federal Express on May 13, 2025. On May 20, 2025 I emailed to Mr. Banks, the Rule 56.1 statement as a PDF and Word document, a copy of the judge's rules; and a copy of Arbitrator Blanca Torres' bill for her services rendered.

After I sent copies of the Verified Petition to Confirm, papers and the Motion for Summary judgment papers to Respondent by Federal Express I inadvertently forgot to serve the papers on the Respondent personally. This was a complete oversight on my part, for which I apologize to the court.

The two envelopes that I sent to the Respondent by Federal Express, on May 8, 2025 and May 13, 2025 were both returned to my office by Federal Express, weeks after they were sent. The envelopes were returned with notes indicating there was "no addressee" at the address.  One envelope when returned, had a box checked with the word "refused".

However, I know Mr. Banks received the Petition Documents and Motion for Summary Judgment documents that I sent to him by email. I know this is true, due to the fact that Mr. Banks called my office on May 12, 2025, to talk about the case.  During the phone call, we spoke about the case and the unpaid items still due on the Award. I encouraged Mr. Banks to hire an attorney to represent the Respondent. Mr. Banks advised me that he did not have any money for an attorney. He further stated that the Respondent's closed the business on or about December of 2024**.**

Regarding the Order to Show Cause dated January 20, 2026, (Doc. #13), I emailed a copy of this document to Mr. Banks on January 21, 2026.  I sent a cover letter and a copy of Doc. #13 to Respondent's address in Washington, D.C., via Federal Express, on January 22, 2026. To date, that Federal Express envelope has not been returned to my office. I hired a process server to

serve a copy of Doc. #13 on the Respondent, at the Respondent's office address in Washington D. C.  The Respondent's office address is listed below:

> Sentry Security International Inc.
> 1823 Jefferson Place NW
> Washington, D. C. 20036

Respondent's office address listed above is the last office address the Respondent provided to Petitioners. This address is still listed as the Respondent's address, on the website which lists all the corporations registered in Washington D.C. The entity that lists the corporations is the Washington D. C., Dept. of Consumer Regulatory Affairs (the "DCRA").

The process server advised my office that he was unable to personally serve Doc # 13 on Respondent, because when he arrived at the Respondent's address, he found the Respondent no longer had an office there, or any type of presence, at the address. The process server noted there were no placards or signs at the building for the Respondent. The building is a townhouse in Washington, D.C. Attached hereto as Ex. "A," is a copy of the "Affidavit on Non-Service" from the process server, which details what he found at the Respondent's address.

The Respondent never responded to the email I sent him on January 21, 2026 with (Doc. #13) attached. I called the phone number for the Respondent's office a couple of times, over the last week and the calls do not go through. When you call the number, you get a constant busy signal.  I believe their office phone number is no longer in service.

Respondent was not served personally with the petition and motion for summary judgment papers. However, Petitioners submit that Mr. Banks, the president of the Respondent, received copies of all the documents filed in the case, via the emails that I sent to Mr. Banks. None of the emails I sent to Mr. Banks ever bounced back to my office email. I never received any indications that those emails were not received by Mr. Banks.

I have not heard anything from Mr. Banks since May 12, 2025. That was the date Mr. Banks called my office. Petitioners submit there has been no harm or detriment to the Respondent in this case The Respondent was and is aware of this case and has been from the start. Respondent had every opportunity to appear in the action and defend their position.

Based on the information in the process server's affidavit (see attached Ex. "A"), it is clear the Respondent no longer has an office at the last known address the Respondent provided to Petitioners. Therefore, if Petitioners need to serve any documents on the Respondent going forward, Petitioners must serve them by using the Washington D. C., Dept. of Consumer Regulatory Affairs (the "DCRA").

Based on the foregoing, Petitioners respectfully request that the court grant the Petitioners' motion for summary judgment to confirm the award.  However, if the court decides the Respondent did not have proper notice of all the papers herein, then Petitioners respectfully request that the court set a date in the future, by which date Petitioners can personally serve the Respondent with the papers filed to date in this case. Petitioners thank the court in advance for their time and attention to this matter.

Respectfully submitted,

*/Maura Breen /*

Maura Breen

.

cc: Sentry Security International Inc.
   Mr. George Banks, President -email: gbanks@sentrysecurityintl.com

Application GRANTED.  Petitioners' misunderstanding that a summons was not required, and their oversight in not personally serving Respondent, do not amount to good cause pursuant to Federal Rule 4(m).  *See Oyewole v. Ora*, 291 F. Supp. 3d 422, 430 (S.D.N.Y. 2018) ("[A] delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause."), *aff'd*, 776 F. App'x 42 (2d Cir. 2019). Nevertheless, for the reasons stated herein, the Court exercises its discretion to extend *nunc pro tunc* to **March 17, 2026** the time for Petitioners to complete service on Respondent.  *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("hold[ing] that district courts may exercise their discretion to grant extensions under Rule 4(m) absent a showing of good cause").  Petitioners' motion for summary judgment, ECF Nos. 9, 11, is DENIED without prejudice to restoration once proof of service or proof of waiver of service appears on the docket.

The Clerk of Court is directed to terminate ECF Nos. 9 and 11.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: February 17, 2026